```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-22-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VISHRANTHAMMA SWARNA,

                Plaintiff,                06 Civ. 4880 (PKC)

      -against-                MEMORANDUM
                                           AND ORDER
BADAR AL-AWADI, HALAL
MUHAMMAD AL-SHAITAN and
STATE OF KUWAIT,

                Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff moves, pursuant to Rule 54(b), Fed. R. Civ. P., for the entry of a final judgment as to fewer than all claims against all parties. Specifically, plaintiff seeks entry of a final judgment dismissing all claims against the State of Kuwait in order to facilitate an immediate appeal of the dismissal. For the reasons explained below, the motion is granted.

## BACKGROUND

        In a Memorandum and Order dated March 20, 2009, the Court granted in part and denied in part plaintiff's motion for a default judgment. Swarna v. Al-Awadi, 607 F.Supp.2d 509 (S.D.N.Y. 2009). With respect to the Individual Defendants, Mr. Al-Awadi and Ms. Al-Shaitan, the Court held that they were not entitled to diplomatic immunity and granted a default judgment against them. Id. at 515-22, 527-29. With respect to Kuwait, the Court held that it was entitled to sovereign immunity and dismissed all claims against Kuwait for lack of subject matter jurisdiction. Id. at 522-27. The Court thereafter denied both plaintiff's and defendants' motions for reconsideration. Swarna v. Al-Awadi, 06 Civ. 4880(PKC), 2009 WL 1562811 (May 29, 2009). The Court scheduled an inquest to determine damages against the Individual Defendants

for June 25, 2009. Id. at *8. However, on June 12, 2009, the Individual Defendants filed a notice of appeal to the Second Circuit from the Court's orders granting a default judgment against them and denying their motion for reconsideration. (Doc. #81.) In light of this appeal, the Court vacated the inquest. (Doc. #82.) The Individual Defendants' appeal is now pending before the Second Circuit. See Case No. 09-2525-cv.

On July 17, 2009, plaintiff moved for the entry of a final judgment dismissing all claims against Kuwait. (Doc. #84.)

## DISCUSSION

"Rule 54(b) permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) 'there is no just reason for delay.'" Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 164-65 (2d Cir. 2005) (quoting Fed. R. Civ. P. 54(b)). "'Respect for the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification not be granted routinely. The power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" Id. at 165 (quoting Citizens Accord, Inc. v. Town of Rochester, 235 F.3d 126, 128-29 (2d Cir. 2000) (per curiam)). "Since the Rule 54(b) certification is reviewable for abuse of discretion . . . it does not suffice for the district court to announce its determination that 'there is no just cause for delay' in conclusory form. Rather, its certification must be accompanied by a reasoned, even if brief, explanation of its conclusion." O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 41 (2d Cir. 2003) (citations omitted).

2

The first two requirements are indisputably satisfied. Kuwait is a separate party facing claims distinct from those asserted against the Individual Defendants. Further, Kuwait's rights and liabilities have been finally determined by the Court's holding that Kuwait is entitled to sovereign immunity and that the Court therefore lacks subject matter jurisdiction over plaintiff's claims against Kuwait. Swarna, 607 F.Supp.2d at 522-27; Swarna, 2009 WL 1562811, at *1-5.

The third requirement is satisfied because permitting an immediate appeal will further the federal policy against piecemeal appeals. As discussed above, the Individual Defendants already have appealed the Court's rejection of their diplomatic immunity defense. If plaintiff is able to immediately appeal the Court's dismissal of her claims against Kuwait, the Second Circuit will have the opportunity to consolidate both appeals before one panel. See Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991) ("It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case . . . ."). Indeed, denying the instant motion would promote piecemeal appeals, because a final judgment in this action will not be entered until after the Second Circuit decides the Individual Defendants' appeal. It would impose an unjust hardship on plaintiff to require her to wait for the disposition of the Individual Defendants' appeal before filing her own appeal. The arguments she seeks to advance -- concerning the applicability of certain exceptions to sovereign immunity under the Foreign Sovereign Immunities Act -- are interrelated with the issues raised by the Individual Defendants -- concerning the scope of residual diplomatic immunity under the Vienna Convention on Diplomatic Relations. Plaintiff would be unfairly prejudiced were this Court to

foreclose from her the opportunity to seek to have the Second Circuit consider all of these issues at once.

Of course, this Court cannot forecast whether the Second Circuit will, in fact, consolidate both appeals. But even if the appeals are not consolidated, it remains sensible to permit plaintiff to file an immediate appeal. Factors to consider in deciding whether to certify a final judgment under Rule 54(b) include "judicial administration and economy." I.L.T.A., Inc. v. United Airlines, Inc., 739 F.2d 82, 84 (2d Cir. 1984). The only proceeding that remains to be held in this action is an inquest to determine damages against the Individual Defendants, which has been stayed pending the outcome of their appeal. None of the issues already decided with respect to Kuwait's sovereign immunity will arise again. Moreover, if the Court's dismissal of plaintiff's claims against Kuwait is determined by the Second Circuit to have been in error, the Court will be able to modify the inquest accordingly, rather than having to conduct duplicative hearings. Thus, permitting plaintiff to file an immediate appeal will enhance judicial administration.

## CONCLUSION

For the foregoing reasons, there is no just reason for delay and plaintiff's motion for a final judgment under Rule 54(b), Fed. R. Civ. P., is granted. The Clerk is directed to enter a final judgment dismissing all claims against the State of Kuwait.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
July 22, 2009

4