UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Vishranthamma Swarna,

                Plaintiff,

     -vs-

Badar Al-Awadi and Halal Muhammad Al-
Shaitan,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No.  06-CV-4880 (PKC)


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY UNTIL
<u>DISPOSITION OF DEFENDANTS' MOTION TO DISMISS</u>**


DECHERT LLP
1095 Avenue of the Americas
New York, NY  10036-6797
Tel:  (212) 698-3500
Fax:  (212) 698-3599

*Attorneys for Plaintiff*
*Vishranthamma Swarna*

Plaintiff Vishranthamma Swarna ("Plaintiff") hereby opposes the Motion for Protective Order Staying Discovery Until Disposition of Defendants' Motion to Dismiss ("Mot.") brought by Defendants Badar Al-Awadi ("Al-Awadi") and Halal Muhammad Al-Shaitan ("Al-Shaitan") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 26(c).  As set forth below, Defendants cannot meet their burden of demonstrating "good cause" for a stay of discovery in the case and, on the contrary, a stay would only undermine the just, speedy, and inexpensive resolution of the case and prejudice Plaintiff in numerous respects.  Thus, the Court can and should deny the requested stay.

## ARGUMENT

Yet again, Defendants seek to prevent this case from proceeding, this time by filing a baseless motion for protective order staying discovery pending resolution of their motion to dismiss.  But contrary to Defendants' apparent belief, "imposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed, as the Federal Rules make no such provision."  *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *2 (S.D.N.Y. Jan. 22, 2002).  Instead, "the burden is upon the party seeking non-disclosure or a protective order to show good cause."  *Dove v. Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992); *accord Ass'n Fe Y Allegria v. Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) (denying defendants' motion to stay discovery pending decision on their motion to dismiss). Here, Defendants argue that a stay of discovery is justified for three reasons, none of which remotely satisfies their heavy burden to demonstrate "good cause" for again seeking to delay proceedings in this case, while continuing to unfairly prejudice Ms. Swarna's right and ability to seek justice for the Defendants' vicious acts.

First, Defendants wrongly contend that their motion is "substantial" and "dispositive" of all claims in this case. Mot., ¶¶ 1, 3. But Defendants' motion is hardly dispositive of this action. As set forth in Plaintiff's Opposition, this Court has subject matter jurisdiction over Plaintiff's slavery, forced labor, and trafficking claims even if the Court accepts Defendants' mistaken argument that Plaintiff's claims should have been pled under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *See* Plaintiff Vishranthamma Swarna's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opp. to MTD") at 17-18.[1] Further, Defendants' motion to dismiss does not even address Plaintiff's claims for sexual slavery or involuntary servitude, much less establish that Plaintiff has failed to sufficiently plead those claims under federal law. *See id.* at 6 n.2. Thus, even if this Court dismissed Plaintiff's claims for slavery and forced labor under the ATS, which for numerous reasons it should not, the action would not "be dismissed in its entirety" (*see* Mot., ¶ 1), because Plaintiff's allegations of sexual slavery and involuntary servitude would still stand. This fact alone warrants rejection of the requested stay. *See*, *e.g.*, *State Farm Mut. Automobile Ins. Co. v. Accurate Med.*, 2007 WL 2908205, at *2 (E.D.N.Y. Oct. 4, 2007) (denying stay where it was "doubtful" that defendants would "succeed in dismissing all the claims against them"); *Hollins v. Unted States Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006) (same).

Moreover, Defendants' arguments for dismissal are far from "substantial." Defendants primarily argue that this Court lacks subject matter jurisdiction over Plaintiff's claims for slavery and forced labor because international law does not prohibit individuals from engaging in those practices. Memorandum of Points and Authorities in Support of Motion to Dismiss ("MTD") at

---

[1] As Plaintiff has explained, however, Defendants' argument flies in the face of federal policy, Congressional intent in enacting the TVPRA, and other case law directly on point. *See* Opp. to MTD at 15-16; *see also Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674 (S.D. Tex. 2009).

7-19.  But Defendants do not and cannot dispute that "international law proscribes slavery and slavery like practices."  Defendants' Memorandum of Law in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss ("Reply") at 1.  To the contrary, as they properly admit:  "It does."  *Id.*  Instead, Defendants urge that international law only proscribes slavery and slavery-like practices by states, not individuals.  *Id.* at 2-3; *see also* MTD at 7-19.  But it is by now widely recognized that "the scope of the law of nations is not confined solely to state action but reaches conduct of private individuals."  *Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674, 685 (S.D. Tex. 2009) (citing *Kadic v. Karadzic*, 70 F.3d 232, 239 (2d Cir. 1995)).

Indeed, as the *Adhikari* court held in a case squarely on point, "[i]t is apparent from the findings of both judicial and academic authorities . . . that human trafficking and forced labor, whether committed by states or private individuals, have been recognized as violations of *jus cogens* norms, and therefore fall within the jurisdictional grant of the ATS."  *Id.* at 686-87 (citing authorities and expressly rejecting defendants' argument that plaintiffs' ATS claims were preempted by the TVPRA); *accord John Roe I v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 1022 (S.D. Ind. 2007) (rejecting motion to dismiss for lack of subject matter jurisdiction; child plaintiffs' forced labor claims against corporate and individual defendants adequately stated claim for violation of international law under ATS) (cited with approval in MTD at 11, 23-24); *Doe v. Unocal Corp.*, 963 F. Supp. 880, 891-92 (C.D. Cal. 1997) ("forced labor, is among the handful of crimes . . . to which the law of nations attributes individual liability").[2]  In view of these authorities, it is Plaintiff, not Defendants, who has made a "substantial" showing that

---

[2] *See also Baonan v. Baja,* 627 F. Supp. 2d 155 (S.D.N.Y. 2009) (exercising subject matter jurisdiction under the ATS over Plaintiff's trafficking and forced labor claims; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, (2d Cir. 2010) (emphasizing that courts may exercise jurisdiction under the ATS over "any . . . *person* who commits, or purposefully aids and abets, violations of international law") (emphasis added).

dismissal is inappropriate.  Defendants' arguments in support of a stay must be rejected for this

reason as well.  *See Brooks v. Macy's, Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)

(denying stay of discovery where "plaintiff's arguments in opposition also seem[ed]

substantial").

Second, discovery would not "be avoided" by granting the requested stay, as Defendants

misguidedly contend.  *See* Mot., ¶ 3.  On the contrary, because this Court may exercise subject

matter jurisdiction over Plaintiff's claims under either the ATS or TVPRA and because

Defendants have not disputed or sought to dismiss Plaintiff's allegations of sexual slavery and

involuntary servitude, discovery is inevitable in this case notwithstanding this Court's eventual

ruling on Defendants' pending motion to dismiss.  This is a "significant" fact militating against a

stay of discovery in this case.  *Hachette Distrib., Inc. v. Hudson County News Co., Inc.*, 136

F.R.D. 356, 359 (E.D.N.Y. 1991) (denying stay of discovery pending motion to dismiss where

discovery was "inevitable" even if defendants succeeded on their motion).

Third, while Defendants claim that a stay "would also allow the parties to participate in

the mediation program and possibly resolve their dispute" (*see* Mot., ¶ 3), it is far from clear that

Defendants are willing to engage in any serious settlement discussions in view of the positions

they have taken thus far in this case.  Indeed, given Defendants' lengthy history of avoidance and

delay, they must do more than merely agree to a case management plan to demonstrate their

commitment to resolution of this case.  Unless and until Defendants both resolve the threshold

representation issues that this Court has already highlighted and make a serious offer of

settlement, Plaintiff remains committed to speedy prosecution of her claims in this case, and

discovery is critical to that aim.  As the courts of this state have recognized, "Rule 26(c), like

each of the Federal Rules of Civil Procedure, is to 'be construed to secure the just, speedy, and

inexpensive determination of every action.'" *Hachette Distrib., Inc.*, 136 F.R.D. at 357 (quoting Fed. R. Civ. P. 1). Here, permitting Ms. Swarna to proceed with discovery would further the just and speedy resolution of her claims, and may also assist in early settlement of the case, thereby eliminating the unnecessary expense of pre-trial and trial preparation.

Finally, the Court should deny the requested stay because further delay of discovery would prejudice Ms. Swarna in numerous respects. In this regard, "[t]he fact that plaintiff['s] claimed [injuries] are longstanding, rather than recent, does not . . . diminish the prejudice to plaintiff[] of further delay." *Ass'n Fe Y Allegria*, 1999 WL 147716, at *1 (denying stay of discovery pending motion to dismiss where plaintiffs had waited "more than eleven years since accrual of their claims" to prosecute their suit). Indeed, the lengthy litigation proceedings in this case have taken their toll on Ms. Swarna, and continued delay would only exacerbate this emotional toll. Moreover, as this Court is aware, this case involves unique foreign discovery issues that may take additional time to resolve. This too is a reason to deny a stay in this case. As one judge aptly explained, "if discovery will prove difficult because our legal rules and culture are foreign to the defendants, that [is] all the more reason to make an early start." *In re Vitamin C Antitrust Litig.*, 237 F.R.D. 35, 37 (E.D.N.Y. 2006) (denying stay of discovery pending motion to dismiss where taking discovery from Chinese defendants posed numerous practical difficulties). In short, where a stay of discovery would work numerous prejudices on Plaintiff, the stay should be denied. *Ass'n Fe Y Allegria*, 1999 WL 147716, at *1.

<u>**CONCLUSION**</u>

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Protective Order Staying Discovery in its entirety.

Dated: New York, New York.                    Respectfully submitted,
      April 19, 2011
                                             DECHERT LLP
                                           David A. Kotler
                                           Amy L. Rudd (*pro hac vice*)
                                           Robert W. Topp

                                     By:   /s/ David A. Kotler             

                                             1095 Avenue of the Americas
                                           New York, NY  10036-6797
                                           Tel:  +1  212 698 3500
                                           Fax:  +1 212 698 3599

                                           *Attorneys for Plaintiff*
                                           *Vishranthamma Swarna*